IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUFUS TERRY McDOUGALD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No: 1:18-cv-788-ECM |
| ) | (WO) |
| WAL-MART STORES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

On September 12, 2018, *pro se* plaintiff Rufus McDougald ("McDougald") filed this action against defendants Wal-Mart Stores, Inc., Robert Richardson and Chad Ballew. According to McDougald, these defendants made allegedly defamatory statements about him. *See* Doc. # 1. He seeks "$1-Billion Cash Money." *Id*. On September 18, 2018, the Court ordered the plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Doc. # 3. On September 27, 2018, the plaintiff filed a convoluted and conclusory response alleging that the Court had federal question jurisdiction over this matter because the defendants had deprived him of his First and Fourth Amendment rights. Upon review of the complaint, and the plaintiff's response, the Court concludes that this case should be dismissed prior to service for lack of subject matter jurisdiction.

# DISCUSSION

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This Court operates under an independent obligation to examine its own jurisdiction which continues at each stage of the proceedings, even if no party raises the jurisdictional issue and the parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

### A. Federal Question Jurisdiction.

It does not appear from a review of the complaint that the plaintiff presents a federal question sufficient to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In his complaint, McDougald alleges that the defendants made "allegedly defamatory statements" against him. *See* Doc. # 1. In his response to the Court's order, he alleges in a vague and conclusory manner that his constitutional rights were violated. Thus, it appears that the plaintiff is attempting to invoke the Court's federal question jurisdiction by proceeding against the named defendants pursuant to 42 U.S.C. § 1983. Although he refers to the First and Fourth Amendments, McDougald does not present sufficient facts to support a constitutional claim. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created

elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must "prove (1) a violation of a constitutional right, *and* (2) that the alleged violation was committed by a person *acting under color of state law*." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005) (emphasis added). An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach " 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* at 50.

It is not sufficient for the plaintiff to merely assert that his First and Fourth Amendment rights were violated by the defendants. In order for the Court to have jurisdiction over this matter, McDougald must allege some facts to support his allegations. In his complaint, McDougal contends that defendant Robert Richardson is a manager at the Wal-Mart in Dothan, Alabama, and defendant Chad Ballew is the loss prevention officer at that store. Clearly, both defendants are private citizens. Thus, McDougald presents no facts from which the Court could conclude Richardson or Ballew were acting under color of state law for the purpose of imposing § 1983 liability against them. *Lowe v. Aldridge,* 958 F.2d 1565, 1572 (11th Cir. 1992) (""[o]nly in rare circumstances can a private party be viewed as a 'state actor.') (alteration in original). While a complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Consequently, the Court concludes that it does not have jurisdiction pursuant to its federal question jurisdiction.

**B. Diversity Jurisdiction.**

This Court also has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). From the facts asserted in the complaint, it appears that plaintiff McDougald and defendants Richardson and Ballew are all citizens of Alabama. Thus, the court does not have diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332.

In short, this court lacks jurisdiction over the plaintiff's claims, and this case is due to be dismissed. Accordingly, the complaint is due to be dismissed for lack of subject matter jurisdiction. FED.R.CIV.P. 12(h)(3).

## CONCLUSION

For the reasons as stated, the court concludes that this case should be dismissed prior to service of process. Accordingly, it is

ORDERED and ADJUDGED that this case be and is hereby DISMISSED prior to service of process, all claims against the defendants be and are hereby DISMISSED, and that this case be and is hereby DISMISSED.

DONE this 12th day of October, 2018.

                                  /s/ Emily C. Marks
                              EMILY C. MARKS
                              UNITED STATES DISTRICT JUDGE